MR. JUSTICE HARRISON,
dissenting:
There is an old saying in the law that bad facts make bad law. In my opinion, in this case, good facts have made bad law. We have here a young lady over the age of ten, who has given her personal consent to be adopted by her step-father, and would benefit from his estate. He has given her love and affection far in excess of that she has received from her natural father, yet is denied the final step of having her step-father be declared her father. To me, this is a clear abuse of discretion on the part of the District Court, in view of the good facts of the case.
Following a divorce from the natural father, S.T.V.’s mother remarried when S.T.V. was approximately eighteen months old. The mother was awarded custody, with reasonable visitation rights granted to the natural father. S.T.V.’s natural father was ordered to pay $50 per month child support commencing in 1975. No monetary support has ever been paid. At the time of the petition to adopt, the father owed over $6,000 in child support. The mother, in spite of never receiving any support monies from the father, has allowed the relationship with the child and the natural father to develop into one which is “cordial, warm, [and] affectionate.” The mother testified she had no intention of altering that relationship, or the natural *22 father’s visitation rights, if the petition to adopt was granted. Because she is far more tolerant than most ex-wifes, both she and S.T.V., in my opinion, are being penalized by the decision of the District Court in not allowing the adoption.
The District Court Judge in discussing the reasons why the petition should be denied, concluded that the potential social security benefits of the adoptive father are not sufficient reason for depriving the natural father of his parental rights. In addition, the mother testified she wanted her present husband to care for S.T.V. in the event of her death. In the District Court’s opinion, should this occur, the remedy is found in Section 40-4-221, MCA, which allows the appellant to petition for custody at that time. The District Court Judge concluded, that the petition was not in S.T.V.’s best interest.
In my opinion, if ever a case cried out for a reversal, this case does. First, the child has consented, Section 40-8-113, MCA. Second, the very fact that the natural father has not, for over ten years, although able to do so, paid one dime of support money to the child, deprives him of any legal right to protest the adoption. Section 40-8-lll(a)(v), MCA. Third, S.T.V. should have a right to inherit from her adoptive father, the evidence clearly showing that she would inherit nothing from her natural father. Finally, it would be in her best interest, should there be an emergency in which the mother could not make a decision and the natural father not available, that her step-father should have the legal authority of her father to step in and make a decision as her father. These facts are not sufficient to support a finding it would be in the child’s best interest not to be adopted by appellant.
In my opinion, S.T.V.’s best interests are served by the “natural mother’s desire to obtain the petitioner’s social security benefits in the event of his decline in health.” This is a sufficient cause to terminate the respondent’s parental rights with the daughter, particularly in view of the fact there is absolutely no indication that the natural father has any desire to give the child anything but his “affection.” The natural father appears to be that kind of parent who “seeks the benefits of parental rights but shuns the burden of parental obligations.” We have held that the statute cannot be interpreted in favor of a parent who has done what the father has done in this case. Matter of S.L.R. (1982), 196 Mont. 411, 640 P.2d 886.
*23 I would remand this case to the District Court to grant the petition for adoption.
MR. JUSTICE SHEEHY joins in the foregoing dissent of MR. JUSTICE HARRISON.